**CITY LOAN & SAVINGS CO v KYLER et**

Ohio Appeals, 3rd Dist, Hancock Co

No 324. Decided Oct 16, 1934

Meredith & Meredith, Lima, for plaintiff.
Marion G. Foster, Findlay, for defendants.

## OPINION

**By CROW, PJ.**

Whatever the law may have heretofore been on the necessity for notice of an appeal, there was no statute when the appeal was attempted to be made in this case, requiring a notice of appeal.

The case having been docketed in this court as an appeal case, and a bond in appeal having actually been given by plaintiff, it must be presumed that it was in proper form, and that it was approved by the clerk as the statute requires, nothing appearing in the agreed statement of facts or otherwise to the contrary.

Plaintiff's cause of action being for the subjection of lands to the satisfaction of the judgment on account of which the execution was issued and levied, is so clearly a chancery case and therefore within the intent of **Article 4, §6 of the Constitution of Ohio,** as to not require citation of authority.

Defendant insists that he was the owner of chattel property located within Hancock County, Ohio, upon which the execution might have been levied and satisfied, the same being covered by a chattel mortgage given plaintiff to secure payment of the note which resulted in the judgment, and consequently the levy was void under **§11666, GC,** but there is nothing in the pleadings or agreed statement of facts concerning the circumstances attending the levy on plaintiff's real estate, which situation requires the presumption that the levy was lawfully made, for it is always to be presumed that a public officer acted rightfully. Well might Kyler have waived his right to have the land levied on and sold so that his chattels be saved to him.

It is also urged by defendant Kyler that the Municipal Court of Marion County, Ohio, did not have jurisdiction to render judgment upon the warrant of attorney because a justice of the peace could not ren-

der judgment at all pursuant to a warrant of attorney and the Court of Common Pleas did not have jurisdiction of a cause of action for money only where the amount claimed was less than one thousand dollars.

It was settled in **2 Oh St 368,** which case is still the law, that the jurisdiction of a justice of the peace is so limited that he can not render judgment under warrant of attorney.

Thus we have the question whether in the absence of a statute providing that jurisdiction of the person by the Municipal Court of Marion, Ohio, may be obtained by that court in virtue of a warrant of attorney to confess judgment in a court of record such as is contained in the promissory note upon which the judgment here in issue was rendered, which was the usual form of cognovit.

Determination of this question depends on the statutes which created the court and defined its jurisdiction and to them we now turn, 111 Ohio Laws, 349 and following, §§1579-761 to 812 GC. Our allusions will be to the section numbers of the General Code.

Sec **1579-761 GC** provides that the court, naming it as "The Municipal Court of Marion, Ohio", "shall be a court of record," We will sometimes refer to it as the court.

By **§1579-766, GC,** the court "shall have original civil jurisdiction" in, among other subjects, "all actions and proceedings at law for the recovery of money * * *, when the amount claimed * * * does not exceed one thousand dollars."

By **§1579-790 GC** an appeal shall not be allowed from the final judgment of the court, "On judgments rendered on confession of the party or parties."

Inasmuch as there is neither qualification nor exception in respect to the conferment of jurisdiction in an action at law for the recovery of money within the sum of one thousand dollars, and as the court is made one of record, and because of the implication of the power to enter judgments on confession in the aforesaid denial of the right of appeal from such judgments, there can be no reasonable foundation for the contention that the court does not have jurisdiction to pronounce a judgment on a warrant of attorney in proper form, as was the one in the note which resulted in the judgment on which the execution was issued in this case.

The case of **State ex Finley et v Miller,** etc., Supreme Court of Ohio, Number 24782, decided June 20, 1934, **Ohio Law Bulletin and Reporter, July 30, 1934, 423,** while dissimilar to the facts in this case, is appli-

cable in reasoning in its holding that subjects of jurisdiction denied to justices of the peace, as in §10232, GC, are not excluded from the jurisdiction of a Municipal Court whose jurisdiction is in substance as it is in the case at bar.

Lastly, it is the position of defendant that because the transcript of the judgment which was filed in the office of the clerk of courts was not a complete copy of the record of the court in the case, in that the transcript did not set forth a copy of the note, although it was otherwise a sufficient transcript, said omission having been designated in the transcript as Exhibit A.

Sec 1579-784 GC enacts that one in whose favor a judgment is rendered by the court "may file a transcript of such **judgment**" in the office of the clerk of courts of Marion County in the same manner and under the same conditions as those governing the filing of transcripts of judgments rendered by justices of the peace.

Sec 11659, GC, which governs the filing of such transcripts, says that the party in whose favor a judgment is rendered may at any time after rendition if no appeal be taken or the judgment stayed, file with the clerk of the Common Pleas Court of the county in which the judgment was rendered "a transcript thereof having certified therein the amount, if any, paid thereon."

Sec 1724, GC, requires each justice of the peace to keep a docket in which he must make certain entries of the various steps, in detail, taken in each case before him, from number 1 to number 15, inclusive, number 10 of which, being the only one of importance here, reads as follows:  "The judgment of the justice of the peace specifying the item of costs included, and the time when rendered." And by §1725, GC, the entries of the fifteen steps must be made under the title of- the action to which they relate and at the time when they occurred and that such entries in the justice's docket or a transcript thereof certified by the justice shall be evidence to prove the facts stated therein.

Construing those sections, we hold that a transcript of a judgment within the meaning of §11659, GC, is sufficient when it shows the title of the action, a judgment for one of the parties against another party, the amount of the judgment, the rate of interest it bears if other than the legal rate, and the date of its rendition.

It would serve no useful purpose whatever to set forth in such transcript the many and various steps enumerated in §1724, GC, leading up to the judgment, such as the date of summons, time of its return, adjournments, names of jurors when trial is had by jury, names of witnesses and the like, for such matters · could be of no value to the judgment debtor who, at least in law, had knowledge of all the things which had transpired before the justice of the peace.

Every other person would have constructive notice of the fact that such judgment existed, and if concerned with its validity, would know where to find the record which resulted the judgment, though resort to it might be attended by inconvenience.

The only possible purpose of the filing of a transcript in the clerk's office, could serve, is to create a lien on real estate of the judgment debtor, within the county, or to enable the owner of the judgment to have an execution issued.

Our conclusion on this matter finds support in that where an appeal is taken from a judgment of the justice of the peace, the latter shall when bond has been given for appeal, make and deliver to appellant or his agent "a certified transcript of his **proceedings.**" §10384, GC.

Pursuant to §12241, GC, a judgment rendered by a justice of the peace may be reversed, vacated or modified by the Court of Common Pleas, and under §12263, GC, the transcript to be filed by plaintiff in error shall be of the docket **"entries."**

We should add that in 19 Northwestern, 634, the Supreme Court of Nebraska held that under a statute to the effect that a transcript of a judgment of 'any district court of that state might be filed in the office of the district court of any other county therein, a transcript of the judgment was sufficient when it was a copy of the judgment, though the transcript did not show jurisdiction over the judgment debtor.

Finding no barrier against the right of plaintiff to have foreclosure of its judgment lien, decree will be entered ordering a sale of the real estate in issue and the case will be remanded to the Court of Common Pleas for all further proceedings.

KLINGER and GUERNSEY, JJ, concur.